IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TIMOTHY KEMPF,
MICHAEL A. ALLGIRE,**

**Defendant.**                                                                 No. 06-30138-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

This matter comes before the Court to *sua sponte* address the issue of restitution ordered in the Judgments setting out the terms of Defendants Timothy Kemp (Doc. 309 & 508) and Michael A. Allgire's (Doc. 269) sentence. The restitution ordered by the Court should have been joint and several between each Defendant, yet the Judgments failed to reflect that requirement. The Court now **AMENDS** those Judgments to clarify that the restitution was joint and several.

On October 19, 2006, the federal grand jury indicted Timothy Kempf and Michael Allgire on one count of conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine and one count of possession of materials used to manufacture methamphetamine (Doc. 1, Counts 1 & 10). As to Defendant Kempf, Defendant entered a plea of guilty on April 25, 2007 as part of a plea agreement. The Court sentenced Defendant to 135 months imprisonment, consisting of 135 months for Count 1 and 120 months on Count 10 of the indictment with said terms to run concurrently (Doc. 305). On September 11, 2007, the Court

entered a Judgment Order setting out the terms of Defendant's sentence (Doc. 309). Defendant was also ordered to pay $6,218.59 in restitution to the DEA in Alexandria, Virginia (*Id.*). The Judgment stated that the ordered restitution was to be joint and several with four other co-defendants including Defendant Michael A. Allgire. The restitution amount was later determined to be incorrect and amended to $4,945.00, to reflect the proper amount required to clean up a methamphetamine lab at the residence of Defendant Michael Allgire (Doc. 507 & 508).

As to Defendant Allgire, Defendant entered a plea of guilty on March 13, 2007 (Doc. 182). The Court subsequently sentenced Defendant to 233 months on for Count 1 and 120 months on Count 10 of the indictment with said terms to run concurrently (Doc. 266). On July 11, 2007, the Court entered a Judgment Order setting out the terms of Defendant's sentence (Doc. 269). Defendant was ordered to pay $4,945.00 in restitution, also for the clean up a methamphetamine lab at Defendant's residence (*Id.*). The Judgment did not specify whether the restitution amount was joint and several with any of the other defendants.

The Court subsequently discovered on its own review that both Judgments failed to accurately address whether the amount owed in restitution was joint and several with any of the co-defendants in this case. Defendant Timothy Kempf's Judgment (Doc. 309 & 508) stated that the ordered restitution was joint and several with Defendants Bobby Lee Morber, Douglas Kraus, Michael Allgire, and Thomas Bevineau. The Judgment entered against Michael Allgire did not list any Co-defendants that were joint and several (Doc. 269). Both Judgments were incorrect.

The Judgment against Timothy Kempf should have reflected that the $4,945.00 ordered by the Court for the clean up of the methamphetamine lab was joint and several with Defendant Michael Allgire only, not any of the other remaining co-defendants (Doc. 508).  Likewise, Defendant Michael A. Allgire's Judgment (Doc. 269) should have stated that the $4,945.00 ordered in restitution was joint and several with Defendant Timothy Kempf.

Therefore, both Judgment orders (Docs. 508 and 269) are **AMENDED** to state that restitution in the amount of $4,945.00 is joint and several between Defendant Timothy Kempf and Defendant Michael Allgire.

**IT IS SO ORDERED.**

Signed this 25th day of January, 2010.

/s/     David R Herndon

**Chief Judge**
**United States District Court**